1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOHN CARLOS DUARTE,                          CASE NO. 1:03-CV-5488-AWI-LJO-P

10                        Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                                 RECOMMENDING DISMISSAL OF
11          v.                                   DEFENDANT GARDNER FROM ACTION
                                                 PURSUANT TO RULE 4(M)
12   R. D. ANDREWS, et al.,
                                                 (Docs. 20 and 26)
13                        Defendants.
     _____/

14

15          Plaintiff John Carlos Duarte ("plaintiff") is a federal prisoner proceeding pro se and in forma

16   pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>

17   <u>of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal

18   actors. This action is proceeding on plaintiff's amended complaint, filed on January 8, 2004, against

19   defendants Gardner, Duffle, and Puentes. (Doc. 15.)  On August 3, 2004, the court ordered plaintiff

20   to provide information to facilitate service of process on defendants by filling out and submitting to

21   the court a USM-285 form and a summons for each defendant to be served.  (Doc. 16.)  Plaintiff

22   submitted the required documents on August 24, 2004, and, on September 8, 2004, the court directed

23   the United States Marshal to initiate service on three defendants.  (Docs. 17, 18.)  Two of the three

24   defendants subsequently waived service of the summons. (Docs. 22, 24.)  However, the Marshal was

25   unable to locate defendant Gardner.  (Doc. 20.)

26          Pursuant to Rule 4(m),

27          [i]f service of the summons and complaint is not made upon a defendant within 120
            days after the filing of the complaint, the court, upon motion or on its own initiative
28          after notice to the plaintiff, shall dismiss the action without prejudice as to that

                                                 1

1    defendant or direct that service be effected within a specified time; provided that if
2    the plaintiff shows good cause for the failure, the court shall extend the time for
     service for an appropriate period.

3    Fed. R. Civ. P. 4(m).

4         In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon

5    order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n

6    incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for

7    service of the summons and complaint and ... should not be penalized by having his action dismissed

8    for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his

9    duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912

10   F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472

11   (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant,

12   the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker, 14 F.3d at 1422

13   (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se

14   plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the

15   summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate.

16   Walker, 14 F.3d at 1421-22.

17        In this instance, the address provided by plaintiff for defendant Gardner is no longer accurate,

18   as the defendant is no longer employed by Taft Correctional Institution.  (Doc. 20.)  On November

19   22, 2004, plaintiff was provided with the opportunity to show cause why defendant Gardner should

20   not be dismissed from the action.  (Doc. 26.)  Plaintiff did not respond to the order to show cause.

21   Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that pursuant to Rule 4(m),

22   defendant Gardner be dismissed from this action, without prejudice, based on plaintiff's failure to

23   provide sufficient information for the Marshal to serve defendant.

24        These Findings and Recommendations will be submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

26   **days** after being served with these Findings and Recommendations, the parties may file written

27   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

28   Findings and Recommendations."  The parties are advised that failure to file objections within the

2

1   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2   1153 (9th Cir. 1991).

3

4                                            IT IS SO ORDERED.

5   **Dated:**    **August 2, 2005**                   **/s/ Lawrence J. O'Neill**

    b9ed48                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28