# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARLOS DUARTE,<br><br>           Plaintiff,<br><br>     v.<br><br>R. D. ANDREWS, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:03-CV-5488-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST AND FOR JUDGMENT ON THE PLEADINGS BE DENIED, AND RECOMMENDING SCHEDULING ORDER BE MODIFIED TO ALLOW FURTHER DISPOSITIVE MOTIONS<br><br>(Doc. 31) |

I.    Defendants' Motion to Dismiss

    A.    Procedural History

Plaintiff John Carlos Duarte ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  This action is proceeding on plaintiff's amended complaint, filed January 8, 2004, against defendants Puentes and Duffle ("defendants") on plaintiff's equal protection claim.[1]  (Doc. 16.)  On August 1, 2005, pursuant to the unenumerated portion of Rule 12(b) and Rule 12(c), defendants filed

---

[1] Defendant Gardner, the third defendant against whom this suit was proceeding, was dismissed on September 29, 2005, based on plaintiff's failure to furnish information sufficient to serve defendant with process. Fed. R. Civ. P. 4(m). (Docs. 32, 35.)

1

a motion to dismiss for failure to exhaust and for judgment on the pleadings.[2]  Fed. R. Civ. P. 12. (Doc. 31.)  Plaintiff filed an opposition on October 20, 2005.  (Doc. 36.)

   B. Motion to Dismiss for Failure to Exhaust

    1. Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

---

[2] Pursuant to the court's order of August 2, 2005, defendants' motion for summary judgment in the alternative to dismissal is not being considered by the court, as it is procedurally deficient. (Doc. 33.)

2.    <u>Discussion</u>

In their motion, defendants argue that they are entitled to dismissal of this action because plaintiff did not complete the administrative remedy process. (Doc. 31.) Defendants contend that after plaintiff's appeal was rejected as untimely at the Regional Director's level, plaintiff failed to pursue the appeal to the third and final level of review, known as the General Counsel's level. (Id., 5:24-6:7.)

Plaintiff contends that the exhaustion requirement should be excused because of futility. (Doc. 36, 13:19-26.) In addition, plaintiff contends that his failure to pursue his appeal was caused by deficiencies in the process. (<u>Id</u>., 13:9-19.) Plaintiff contends that defendants caused him to fail to follow the rules by giving him incorrect advice and incorrect forms. (<u>Id</u>.)

The Bureau of Prisons (BOP) provides a three-step Administrative Remedy Program to allow inmates to seek review of any issue relating to any aspect of their confinement. 28 C.F.R. §§ 542.10, 542.13, 542.15 (2005). The program is available to BOP inmates and inmates housed at Community Corrections Centers, but not to inmates confined in other non-federal facilities. 28 C.F.R. § 542.10 (2005). The first step is informal resolution and is not required for inmates housed at Community Corrections Centers. 28 C.F.R. § 542.13 (2005). The second step requires the submission of an appeal to the Regional Director within twenty calendar days of the date the Warden signed the informal level response. 28 C.F.R. § 542.15(a) (2005). The third step requires the submission of an appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response. <u>Id</u>.

Plaintiff submitted a "TCI Inmate Request to Staff" dated December 22, 2002, to Associate Warden Gardner. (Doc. 36, Exhibit 7.) In the request, plaintiff complains about his SHU placement and states that he is being racially harassed.[3] (<u>Id</u>.) In the section entitled "Disposition," a staff member wrote, "You are currently pending investigation." (<u>Id</u>.) An appeal by plaintiff was subsequently received at the Regional Director's level on February 21, 2003, and was rejected on

///

---

[3] This document was submitted with plaintiff's original complaint, amended complaint, and opposition. The most legible copy of the document is that attached to the original complaint.

1  February 25, 2003, as untimely because it was not received within twenty days of the Warden's
2  response. (Id., Exhibit 8.)

3        Pursuant to section 542.17(c), if a request or appeal is rejected and the inmate is not given
4  the opportunity to correct the defect and resubmit the appeal, the inmate may appeal the rejection to
5  the next level of appeal. In this instance, that would be the General Counsel's level. Thus, if
6  plaintiff was required to utilize the Administrative Remedy Program set forth in 28 C.F.R. 542 et
7  seq., his failure to appeal the Regional Director's rejection of his appeal as untimely to the General
8  Counsel's level would render his appeal unexhausted.

9        However, defendants fails to set forth any evidence that Taft Correctional Institution (TCI),
10 where plaintiff is housed, is a Community Corrections Center, making its inmates eligible for the
11 Administrative Remedy Program. See 28 C.F.R. §§ 542.10 (2005). Further, plaintiff submits
12 evidence that indicates Taft inmates were precluded from pursuing appeals to the BOP levels unless
13 their appeal issues were considered to be BOP issues. (Doc. 36, Exhibit 5.) Pursuant to GEO's TCI
14 Administrative Remedy Procedure, there are two procedures for appealing the Warden's response
15 to an inmate's issue. (Id., p. 4.) If the issue concerns a BOP related matter, the inmate may appeal
16 to the BOP. (Id., p. 5.) BOP related matters are specifically defined as (1) classification, (2)
17 designation, (3) sentence computation, (4) reduction in sentence, (5) removal or disallowance of
18 good conduct time, (6) decision taking inmate property, and (7) issues directly involving BOP staff.
19 (Id.) GEO matters are defined as all other matters not defined as BOP matters. (Id.) For GEO
20 matters, the Warden's response is the final response and constitutes exhaustion. (Id.)

21       Plaintiff's issue that he was racially discriminated against in violation of the Equal Protection
22 Clause does not appear on its face to be a BOP related matter. If plaintiff's issue was in fact a GEO
23 matter, it appears that the Warden's response to plaintiff's issue constituted exhaustion of plaintiff's
24 claim in this action. That plaintiff subsequently submitted his appeal to the BOP for review does not
25 work to undue exhaustion, if exhaustion already occurred. Given that plaintiff's appeal was rejected
26 on procedural grounds as time barred, the court cannot infer from Regional Director's response that
27 plaintiff should have pursued his appeal with the BOP or that the BOP would even have considered
28 the appeal on its merits.

Defendants bear the burden of pleadings and proving the absence of exhaustion. Brown v. Valoff, 422 F.3d 926, 936-370 (9th Cir. 2005). Defendants are required to demonstrate that pertinent relief remained available. Id. In light of defendants failure to submit evidence demonstrating that plaintiff, as a TCI inmate, was subject to the Administrative Remedy Program and plaintiff's submission of a GEO policy indicating that he was not subject to the Administrative Remedy Program set forth in section 542, the court finds that defendants are not entitled to dismissal of this action based on plaintiff's failure to exhaust the available administrative remedies. However, neither can the court conclude that plaintiff did exhaust. The GEO policy submitted by plaintiff was issued on May 21, 2004, and superceded the prior policy issued on June 12, 2003. The incident at issue in this action occurred in 2002 and plaintiff's appeal/request to the Warden was submitted in 2002. There is no evidence in the record regarding the GEO/TCI Administrative Remedy Procedure that was in place during the relevant time. Therefore, the court shall recommend that defendants' motion to dismiss for failure to exhaust be denied, without prejudice to refiling.

  C. Judgment on the Pleadings

    1. Standard

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 883 F.2d 1429, 1436 (9th Cir. 1989). The court must assume the truthfulness of the material facts alleged in the complaint. All inferences reasonably drawn from these facts must be construed in favor of the responding party. General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. Pro. 12(c). However, documents submitted with the complaint may be considered as part of the complaint for purposes of a motion for judgment on the pleadings. Hal Roach Studios, 896 F.2d at 1555. The court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to

5

1 plaintiff's claim and no party questions the authenticity of the document. <u>Branch v. Tunnell</u>, 14 F.3d
2 449, 454 (9th Cir. 1994).

3 In this instance, defendants moved for judgment on the pleadings and for summary judgment.
4 As set forth in the court's order of August 2, 2005, defendants' motion for summary judgment was
5 procedurally deficient and will not be considered by the court. With respect to the motion for
6 judgment on the pleadings, the court shall not convert it to a motion for summary judgment and will
7 not therefore consider the declarations submitted as evidence.

8       2.    <u>Discussion</u>

9 In his amended complaint, plaintiff alleges that he was charged in an incident report with
10 violating an institutional rule by giving or receiving money from another inmate. (Doc. 15.)
11 Plaintiff alleges that both he and the other inmate involved admitted their guilt. (<u>Id</u>.) Plaintiff was
12 assessed ten days in the Security Housing Unit, and lost visitation and commissary privileges for
13 three months. (<u>Id</u>.) The other inmate was not punished. (<u>Id</u>.) Plaintiff alleges that he was treated
14 differently than the other inmate by defendants because he is Hispanic and the other inmate is white.
15 (<u>Id</u>.)

16 Defendants argue that they are entitled to dismissal because plaintiff has not alleged any facts
17 showing discriminatory purpose or racial animus. (Doc. 31, 6:14-8:5.) Defendants further ague that
18 one isolated incident is insufficient in the prison context without allegations showing improper
19 motive or discriminatory intent. (<u>Id</u>.)

20 Equal protection claims arise when a charge is made that similarly situated individuals are
21 treated differently without a rational relationship to a legitimate state purpose. <u>See</u> <u>San Antonio</u>
22 <u>School District v. Rodriguez</u>, 411 U.S. 1 (1972). "'Prisoners are protected . . . from invidious
23 discrimination based on race.'" <u>Serrano v. Francis</u>, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (quoting
24 <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).

25 The federal system is one of notice pleading. <u>Galbraith v. County of Santa Clara</u>, 307 F.3d
26 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
27 exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.
28 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

In his amended complaint, plaintiff alleges that he was the only one punished by defendants following an incident with another inmate because he is Mexican and the other inmate is white. The court can no longer apply a heightened pleading standard to plaintiff's claim by requiring that he allege specific facts as to defendants' motive. See Serrano, 345 F.3d at 1083. The Ninth Circuit has warned district courts on more than one occasion that notice pleading requires only notice to the other party of the claim and allegations showing that the plaintiff *may* be entitled to some relief. Austin, 367 F.3d at 1171; Jackson, 353 F.3d at 757. Further, pro se complaints such as this are held to even less stringent standards. Jackson at 757. In this instance, although plaintiff does not set forth any specific allegations supporting his claim that defendants' treatment of him was racially motivated, the amended complaint "at least minimally informed the parties and the court of" plaintiff's equal protection claim. Austin at 1171. Under the very minimal notice pleading

7

standards, plaintiff was required to do no more. The court therefore recommends that defendants' motion for judgment on the pleadings be denied, with prejudice.

### D. Conclusion

As set forth in the preceding sections, the court cannot find based on the record before it that plaintiff failed to exhaust or that plaintiff did exhaust, and the court therefore recommends that defendants' motion to dismiss for failure to exhaust be denied without prejudice. Further, the court finds that plaintiff's allegations, while minimal, are sufficient under federal notice pleading standards to withstand a motion to dismiss, and recommends that defendants' motion for judgment on the pleadings be denied with prejudice.

The deadline for filing pre-trial dispositive motions was August 1, 2005, and the instant motion was filed by defendants on that date. In light of the fact the court did not consider defendants' motion for summary judgment based on their failure to comply with Local Rule 56-260 and in light of the recommendation to deny defendants' motion to dismiss for failure to exhaust without prejudice, the court recommends that the scheduling order be modified to allow the parties forty-five additional days within which to file dispositive motions.[4] If neither plaintiff nor defendants choose to file a dispositive motion within forty-five days, this matter is ready to be set for trial.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies, filed August 1, 2005, be DENIED, without prejudice;

2. Defendants' motion for judgment on the pleadings, filed August 1, 2005, be DENIED, with prejudice; and

3. The scheduling order be modified to allow the parties forty-five days from the date of service of the District Judge's order within which to file further dispositive motions.

///

---

[4] The forty-five days would run from the date of the issuance of Judge Ishii's order considering this Findings and Recommendations, not from the date of the issuance of this F&R.

1  These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, the parties may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10 **Dated:     November 16, 2005                    /s/ Lawrence J. O'Neill**
   b9ed48                                       UNITED STATES MAGISTRATE JUDGE