IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARLOS DUARTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. D. ANDREWS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-5488-AWI-LJO-P<br><br>**ORDER VACATING OCTOBER 11, 2006 TRIAL AND SETTING TRIAL FOR DECEMBER 5, 2006**<br><br>**ORDER REGARDING CONSENT AND FURTHER BRIEFING** |

　　　Plaintiff John Carlos Duarte ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  This action is proceeding on Plaintiff's amended complaint, filed January 8, 2004, against defendants Puentes and Duffle ("Defendants") on Plaintiff's equal protection claim.   Based on the parties' stipulation, trial is currently set for October 11, 2006.

　　　The court finds it necessary to move the trial date of this action because of the court's trial schedule.   As such, the October 11, 2006 trial date is vacated, and the court resets trial in this matter for December 5, 2006.

　　　The court also notes that on September 11, 2006, the court had requested further briefing on the availability of a <u>Bivens</u> cause of action against defendants working at a private prison. See <u>Holly v. Scott</u>, 434 F.3d 287 (4th Cir. 2006), *cert. denied*, --- U.S. ----, 126 S.Ct. 2333 (2006),

and Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005), *vacated in part and aff'd in part*, 449 F.3d 1097 (10th Cir. 2006) (en banc ).  This briefing was to be filed by September 22, 2006.  Defendants have failed to respond to the court's September 11, 2006 order.  As such, the court proceeds under the assumption that it is Defendants' contention that a Bivens action is available against these Defendants under the facts of this case and there is no state remedy available to Plaintiff for the acts alleged in the complaint.

Finally, the court requests that the parties fill out and return the enclosed forms, indicating whether they are willing to consent to the jurisdiction of the Magistrate Judge.  Based on the court's trial schedule, the Magistrate Judge may be able conduct trial earlier than the undersigned.[1]

Accordingly, the court ORDERS that:

1. The trial currently set for October 11, 2006, is VACATED and is RESET for December 5, 2006;
2. The parties are DIRECTED to indicate whether they are willing to consent to Magistrate Judge jurisdiction by October 13, 2006;
3. The Clerk of the Court is DIRECTED to send the parties the court's standard form for consenting or declining to consent to Magistrate Judge jurisdiction.

IT IS SO ORDERED.

Dated:     September 26, 2006              /s/ Anthony W. Ishii
0m8i78                                     UNITED STATES DISTRICT JUDGE

---

[1] By requesting the parties inform the court whether they are willing to consent to Magistrate Judge jurisdiction the court is not indicating that it does not wish to try this matter. The court simply has a large number of cases set for trial, and normally a Magistrate Judge is able to conduct trials sooner and with a more definite trial date than the undersigned.