UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARLOS DUARTE, | 1:03-cv-05488-SMS-P |
|     Plaintiff, | |
| vs. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| S. DUFFLE, et al., | **TRIAL: November 6, 2007** |
|     Defendants. | |

This matter came on regularly for a jury trial on November 6, 2007. Upon the calling of the case and on the record, the parties stipulated to a trial before the Court without a jury. The parties have consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.S. § 636(c). Plaintiff is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff is representing himself. Defendants Shawn Duffle and Georgina Puentes are represented by Attorney Michael Charles Kellar from the law firm of Robinson and Kellar.

This action is proceeding on Plaintiff's amended complaint, filed January 8, 2004, against Defendants Puentes and Duffle on

1

Plaintiff's equal protection claim.[1]  Various court orders have been issued during the pendency of this action that have narrowed the remaining legal issues for trial to the following:  Whether Defendants Puentes and Duffle ("Defendants") violated Plaintiff's equal protection rights by treating Plaintiff differently from another inmate when both committed rules violations.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon presentation of evidence, considering the testimony of all witnesses, the exhibits received into evidence, the statements and arguments of counsel, the Court enters the following findings of fact and conclusions of law.  In making a finding of fact, the Court intends to rely on all evidence in the record that is consistent with or supports the Court's finding.  If the Court has mistakenly categorized a finding as factual or legal, the Court intends that the substance of the finding, and not its label, predominate.  To the extent that any finding of fact may be interpreted or construed as a conclusion of law, or any conclusion of law may be interpreted or construed as a finding of fact, it is the Court's intention that such construction or interpretation be adopted.

## FINDINGS OF FACT

1.   Plaintiff John Carlos Duarte is currently a federal prisoner in the custody of the U.S. Bureau of Prisons.  The events at issue in this lawsuit occurred while Plaintiff was housed at the Federal Correctional Institution at Taft, California, in December of 2002 and January of 2003.

---

[1] Defendant Gardner was dismissed on September 29, 2005, based on plaintiff's failure to furnish information sufficient to serve defendant with process. Fed. R. Civ. P. 4(m). (Docs. 32, 35.)

2

2.   Defendant Shawn Duffle is currently a Correctional Sergeant at FCI Taft.  In December of 2002, she was a Special Investigative Supervisor at FCI Taft.  In December of 2002, Defendant Duffle was responsible for investigating incidents of staff and inmate misconduct.

3.   Defendant Georgina Puentes is currently an Associate Warden at FCI Taft.  In December of 2002, she was the Disciplinary Hearing Officer for the hearing at issue in this lawsuit.

4.   On December 6, 2002, Plaintiff, while in the visiting room, gave several picture frames to inmate McCullough's girlfriend, Anna Fedrau.  In exchange, she agreed to pay Plaintiff $50.00 by placing the money in Plaintiff's inmate trust account.

5.   Inmate McCullough was authorized to bring the picture frames into the visiting area.

6.   Pursuant to prison rules, inmate McCullough could receive money deposited into his account from his girlfriend, Anna Fedrau; Plaintiff could not.

7.   Defendant Duffle was investigating an improper money transaction based on information that staff had seen a suspicious money order come into Plaintiff's account.

8.   Despite the fact that the offending money order in question indicates it is issued from Brian McCullough (See Defendant's trial exhibit C), Sergeant Duffle testified it is highly unlikely McCullough had an opportunity from inside the prison to purchase a money order.

//

9. On December 20, 2002, Plaintiff was charged with a violation of prison regulations. Specifically, Plaintiff was originally charged with Taft Correctional Institution Prohibited Acts and Disciplinary Severity Scale Code § 217, which prohibits giving money to, or receiving money from, any person for purposes of introducing contraband or for any other illegal or prohibited purposes.

10. Inmate McCullough was not charged with any offense as he did not receive any money from an improper source.

11. Plaintiff is a Hispanic male.

12. Inmate McCullough is a Caucasian male.

13. Defendant Puentes is a Hispanic female.

14. Plaintiff appeared at a disciplinary hearing in January of 2003.

15. The focus of Defendant Duffle's investigation was the receipt of money from a source outside the prison without authorization: "In this investigation, I was pursuing the money exchange." Inmate McCullough had permission to hand the picture frames to his girlfriend, and there was no evidence McCullough received any money from an improper source.

16. The Disciplinary Hearing Officer, Defendant Puentes, found that a $50.00 money order had issued from Anna Fedrau and had been credited to Plaintiff's inmate trust account.

17. Plaintiff admitted to receiving $50.00 into his account for making picture frames.

18. At the disciplinary hearing, Defendant Puentes found that there was not enough evidence to sustain a charge against Plaintiff of violation of Code § 217.

4

19. Defendant Puentes did find that Plaintiff committed the Taft Prohibited Correctional Act of giving money or anything of value to, or accepting money or anything of value from, another inmate or any other person without staff authorization, in violation of offense Code § 328.

20. The finding was based upon the following: Plaintiff's statement; a review of Plaintiff's individual account report indicating that he received a $50.00 postal money order in December of 2002; a copy of the postal money order from an outside source into Plaintiff's account.

21. Plaintiff was assessed the following sanctions: 10 days in disciplinary segregation, credit for time served; 3 months loss of social visitation privileges; and, 3 months loss of commissary privileges.

**CONCLUSIONS OF LAW**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff generally establishes an equal protection claim by showing that a defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9 Cir.2001) (*citing* Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied,* 525 U.S. 1154 (1999)). The first step in this equal protection analysis is to identify the asserted classification or groups. Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); Freeman v. City of Santa Ana,

5

68 F.3d 1180, 1187 (9th Cir. 1995).  The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identification in the group. Freeman, 68 F.3d at 1187.  "An equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff." Thornton, 425 F.3d at 1167 (*quoting* Joyce v. Mavromatis, 783 F.2d 56, 57 (9th Cir. 1986).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton, 425 F.3d at 1167.  "Mere indifference to the effects of a decision on a particular class does not give rise to an equal protection claim" Thornton, 425 F.3d at 1167; Nabozny v. Podlesny, 92 F.3d 446, 454 (7th Cir.1996).

   If the governmental action in question does not involve a suspect classification, a plaintiff establishes an equal protection claim by showing similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriquez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004) (*quoting* Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  Without more, the selective enforcement of valid laws is not sufficient to establish that a defendant's conduct is irrational.  Freeman v. City of Santa Ana, 68 F.3d 1180, 1188 (9th Cir.1995) (*citing* Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); United States v. Kidder,869 F.2d 1328, 1335 (9th Cir.1989)).  If an equal protection claim is based upon selective enforcement of a valid

law, a plaintiff must show that others who are similarly situated have not been prosecuted, and that the prosecution is based upon an "impermissible motive." Freeman, 68 F.3d at 1187.

1.  Defendants Puentes and Duffle were acting pursuant to federal law and in an official capacity in December of 2002 and January of 2003.

2.  The Court finds that the decision on December 20, 2002, to charge Plaintiff with a disciplinary violation was based upon his conduct in receiving something of value in exchange for making picture frames.

3.  The Court finds credible Defendant Puentes's testimony that she found Plaintiff guilty of a violation of § 328 based upon Plaintiff's admission that he made picture frames for inmate McCullough's girlfriend in exchange for something of value.

4.  Plaintiff is of Hispanic origin and inmate McCullough is White.

5.  There was no basis on which to charge inmate McCullough with a disciplinary violation related to receiving money from an outside source.

6.  The decision not to charge inmate McCullough with a disciplinary violation was based upon the opinion that inmate McCullough was not directly involved with Plaintiff's receiving money from an outside source. While McCullough may have "brokered" the deal, he received nothing of value for having done so.

7.  The Court finds that a rational basis exists for the difference in treatment between inmate McCullough and Plaintiff.
//

7

8.  The Court finds that Defendants did not engage in selective enforcement of prison regulations.

9.  The Court finds that there is no evidence to support Plaintiff's claim that the decision to charge him with and find him guilty of a prison disciplinary violation was based upon his ethnicity.

10. Plaintiff did not establish that he was the victim of discrimination on the basis of his ethnicity in violation of the Fifth Amendment to the U.S. Constitution. Consejo De Desarollo Economico De Mexicali, A.C. v. United States, 482 F.35 1157, 1170 n. 4 (9th Cir. 2007)(citing to Bolling v. Sharpe, 347 U.S. 497 (1954).

**JUDGMENT**

Judgment is hereby rendered for the Defendants.

IT IS SO ORDERED.

**Dated:   March 28, 2008**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

8